## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

In re

          Case No. 19-10104-BPC
          Chapter 13

ROBERT W. SOMERS,

       Debtor.

_____

ROBERT W. SOMERS,

       Plaintiff,                      Adv. Pro. No. 19-01051-WRS

   v.

BELL HELICOPTER TEXTRON, INC. AND
ADP, LLC,

       Defendants.

### MEMORANDUM DECISION

This Adversary Proceeding is before the Court on the Motion to Dismiss filed by Defendant Bell Helicopter Textron, Inc. (Doc. 6). Plaintiff Robert W. Somers, the Debtor in the underlying Chapter 13 bankruptcy case is an employee ("Employee") of Bell Helicopter ("Employer") who filed a complaint alleging that Employer and its payroll processor Automatic Data Processing, Inc. ("ADP") had violated the automatic stay. (Doc. 1). After Employer filed its motion, Employee amended his complaint. (Doc. 20).[1] For the reasons set forth below, the motion is granted and the complaint, including the amended complaint, is dismissed with prejudice.

_____

[1] All references to the complaint shall include the amended complaint. The Court will consider the relevant filings in connection with this motion. (Docs. 6, 10, 11, 20, 24).

## I. FACTS

On January 21, 2019, Employee filed a petition in bankruptcy in this Court pursuant to Chapter 13 of the Bankruptcy Code. (Case No. 19-10104, Doc. 1). At that time, Employee's wages were subject to a garnishment proceeding which had been brought by Army Aviation Center Federal Credit Union ("Credit Union"), in proceedings in the Circuit Court of Dale County, Alabama. A lawyer representing Employee in the Dale County proceeding filed a Notice of Bankruptcy in Dale County also on January 21. The following day, the Circuit Judge in Dale County entered two orders staying the garnishment proceeding and purporting to dispose of funds held by Employer, as Garnishee. (Doc. 20, Ex. B & C). On January 25, 2019, Employer paid Employee for the payroll period beginning January 6, 2019, and ending January 19, 2019, deducting $689.17 pursuant to the wage garnishment. (Doc. 20, Ex. E). Employee makes no allegation that Employer knew of either the bankruptcy petition or the January 22 Orders of the Circuit Court at the time it paid Employee on January 25. Employer did not make any deductions from Employee's pay, as a result of the garnishment order, after the January 25, 2019 paycheck.

The complaint alleges a number of contacts between Employee and staff members of Employee's lawyers on the one hand and Employer and ADP on the other, all to the effect that Employee was demanding payment of the withheld wages. There is no allegation that Employer expressly refused Employee's demand for the funds or that Employer claimed those funds as its own. In addition, there is no allegation that any of Employee's lawyers made any attempt to directly contact Employer to determine a reason for the delay. The subject $689.17 was paid by Employer to Employee by check dated June 28, 2019–four days after the original complaint was

filed, three months before the amended complaint was filed and three months before Employee amended its claim of exemption, claiming the subject wages as exempt. (Doc. 20, Ex. G; Case No. 19-10104, Doc. 40).

## II.  LAW

The Court will discuss the legal issues in four parts.  In Part A, the Court will discuss its subject-matter jurisdiction.  In Part B, it will discuss the standard to be applied when considering a motion to dismiss.  In Part C, the Court will apply the facts of this case to the plain language of 11 U.S.C. § 362.  In Part D, the Court will discuss issues arising when a bankruptcy case is filed while a wage garnishment is under way.

### A.  Jurisdiction

As this is an action brought under 11 U.S.C. § 362(k), this Court has subject matter jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334(b), as it is an action arising under Title 11.  This is a core proceeding.  28 U.S.C. § 157(b)(2)(G).  This is a final order.

### B.  Motion to Dismiss Standard

Motions to dismiss are governed by Rule 12(b)(6), Fed. R. Civ. P., which is made applicable to this proceeding by Rule 7012, Fed. R. Bankr. P. The standard to be applied was set out in a case recently handed down by the Eleventh Circuit.

> To survive a motion to dismiss, a complaint must allege enough well-pled facts, accepted as true and construed in favor of the

-3-

plaintiff, to state a claim to relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). For a claim to be facially plausible, a plaintiff must go beyond merely pleading the "sheer possibility" of unlawful activity by a defendant, and instead must offer sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Allegations that are no more than "labels and conclusions," a "formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement" are not well-pled facts that must be accepted as true and will not be sufficient to withstand a motion to dismiss. Id. at 678, 129 S.Ct. 1937 (internal quotation marks omitted; alteration adopted); see also *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002) ("[C]onclusory allegations, unwarranted deductions of facts[,] or legal conclusions masquerading as facts will not prevent dismissal.")

*Jones v. CitiMortgage, Inc.*, 666 Fed.App'x. 766, 772 (11th Cir. 2016).


### C. The Automatic Stay


When one files a petition in bankruptcy, a stay arises by operation of law. 11 U.S.C. §

362 provides, in part, as follows:

> (a) [A] petition filed under section 301 . . . operates as a stay, applicable to all entities, of–
>
> * * *
>
> (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;
>
> * * *
>
> (k)(1) . . . an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

-4-

Employee contends that he has alleged a cause of action under §§ 362(a)(3) and (k). He bears the burden of establishing that a violation of the automatic stay occurred and that the violation was willful. *Parker v. Credit Central South, Inc., (In re Parker)*, 634 Fed. Appx. 770, 772-73 (11th Cir. 2015); *In re Jove Eng'g, Inc.*, 92 F.3d 1539, 1555 (11th Cir. 1996); *see also*, *Fleet Mortg. Grp., Inc. v. Kaneb*, 196 F.3d 265, 269 (1st Cir. 1999); *In re Lord*, 270 B.R. 787, 794 (Bankr. M.D. Ga. 1998). Violations of the automatic stay are "willful" if the violator (1) knew of the stay and (2) intentionally committed the act that lead to the violation of the stay, "regardless of whether the violator specifically intended to violate the stay." *In re Jove Eng'g, Inc.*, 92 F.3d at 1555; *In re Spinner*, 398 B.R. 84, 94 (Bankr. N.D. Ga. 2008). If a stay violation is inadvertent, § 362(k) is not implicated.

Employee does not allege that Employer committed any "act" which violated § 362(a)(3). Indeed, Employee admits in his response to Employer's motion that no such act in violation was committed:

> Plaintiff acknowledges and recognizes the temporal proximity of the filing of the Bankruptcy Case and the subject garnishment, and accordingly, has based the arguments in his *Complaint* upon the failure and refusal of Defendants to return the garnished money for a period of approximately six (6) months in the face of repeated demands and requests from Plaintiff and his bankruptcy counsel (or an assistant thereof). Plaintiff has not argued and does not now argue that the initial withholding of his wages constitutes a "willful" stay violation.

(Doc. 10, p. 2, n. 6). This failure to allege an act is fatal to his case.

Employee argues, without supporting authority, that Employer's failure to immediately return the garnished funds - a failure to act - makes it liable under § 362(k). Employee would

-5-

predicate liability under § 362(k) on not only an act which violates the automatic stay, but also a failure to act, even if it is not clear that Employer was under any duty to act. Such a reading of the statute makes the requirement of an "act" meaningless. Employee's argument would make any state law cause of action held by a debtor at the time he filed bankruptcy, a violation of the automatic stay. This would geometrically and improperly expand the reach of § 362(k).

One example will suffice. Assume an individual cuts grass and charges $50 per lawn. Assume further that the individual has cut 10 lawns, for which he has not been paid at the time he files bankruptcy. Undoubtedly, the individual has a state law contract claim for the cut lawns for which he has not been paid. Under Employee's view of the law, the individual in this example would have a cause of action under § 362(k) for each lawn, for not only the $50 in unpaid grass cutting charges, but also for attorney's fees, which could dwarf the claims for the cut lawns.

Section 362(a)(3) requires an act to obtain possession of or to exercise control over property of the estate. Assuming that the subject $689.17 withheld from the Employee's wages is property of the estate, a willful act must be identified. The January 25 issuance of Employee's pay, less the subject withholding, is not a sufficient act because Employer did not know of Employee's bankruptcy filing at that time. Mere delay, standing alone does not supply the requisite act. In this case, Employer was not required to pay over the withheld wages until conflicting claims to the funds had been resolved.

-6-

### D. The Effect of a Bankruptcy Filing on a
### Pending Wage Garnishment

As the instant proceeding arises in the context of a wage garnishment, the Court will discuss common problems which arise and how they interact with this proceeding. As set out above, the automatic stay prohibits certain acts, generally those intended to collect a debt or those to obtain property of the estate. Creditors with continuing wage garnishments frequently have taken the position that because everything they have done to obtain the garnishment was done prior to a bankruptcy filing, there was no "act" committed in violation of § 362(a). The problem with that position is that the garnishment orders generally affect future wage payments. In a case involving a wage garnishment, this Court held that:

> In a garnishment proceeding, no amounts should be seized or withheld from the Debtor's wages after the filing of a bankruptcy petition. It is clear beyond all doubt that garnishing creditors are required to take all necessary action to release their garnishments in order to implement the automatic stay, upon receiving notice of a bankruptcy filing. This is true even if the garnishment process became effective prior to the date of the bankruptcy filing and did not, at the time it first became effective, violate the automatic stay. Indeed, the creditor must not only cease from taking any affirmative action which would violate the automatic stay, it must also take all necessary affirmative action to stop proceedings which are in violation of the automatic stay.

*In re Briskey*, 258 B.R. 473, 477 (Bankr. M.D. Ala. 2001). Courts uniformly hold that garnishing creditors are bound by § 362 to release the offending garnishment proceeding once it becomes aware of a bankruptcy filing, even if the garnishment action predated the bankruptcy filing. *Eg, In re Bayley,* Case No. 2:14-CV-7799, 2014 WL 12701505 (Bankr. C.D. Cal.

10/6/14); *In re Hernandez*, No. 09-14639, 2009 WL 3378495 (Bankr. S.D. Fla. 7/2/09); *In re Roche*, 361 B.R. 615, 621-23 (Bankr. N.D. Ga. 2005) (creditor under an affirmative duty to halt a wage garnishment upon receiving notice of bankruptcy filing); *In re Johnson,* 253 B.R. 857, 861 (Bankr. S.D. Ohio 2000).

The cases are unanimous in holding that a garnishing creditor has an affirmative duty to release a wage garnishment, and can be held liable pursuant to § 362(k) if it does not take appropriate action. However, none of the cases cited by Employee, and in none of the cases of which this Court is aware, has an employer ever been held liable for a violation of § 362(k). *Cf. Lisenbach v. Wells Fargo Bank, (In re Lisenbach)*, 482 B.R. 522, 526 (Bankr. M.D. Penn. 2012) (granting motion to dismiss complaint against garnishee bank holding that it did not violate § 362(a)(3), stating that the debtor failed to distinguish the actions a creditor may be required to take in response to a bankruptcy petition and those required of a garnishee). Section 362(a) is directed at creditors, who have every incentive to act to maximize their recovery on their debts. The reach of § 362(k) should not be extended to render stakeholders liable in cases of inaction. To do so would be an unreasonable and unwarranted extension of the statute.

The courts should be wary of extending § 362(k) liability to employers, who are mere stakeholders. At the time the bankruptcy case was filed, Employer was under a duty imposed by the Circuit Court of Dale County, Alabama. The filing of Employee's bankruptcy petition created a conflicting set of obligations. As of the date of the bankruptcy filing, there are at least four different ways the funds could have been claimed by three different parties. First, Credit Union, as a garnishing creditor, could claim that its judgment lien had attached to the funds and

-8-

for that reason its interest was paramount to all others. Second, Employee as Debtor, could claim the funds for himself as exempt, contending that the judgment lien had not attached. 11 U.S.C. § 522(b). Third, the Chapter 13 Trustee in Bankruptcy could claim the funds, also arguing that the judgment lien had not attached and that Debtor had either not claimed the funds as exempt, or that his claim of exemption was not valid. Fourth, even if Credit Union's judgment lien had attached prior to the date of the petition, Debtor could avoid the judgment lien to the extent necessary to preserve his exemptions. 11 U.S.C. § 522(h).

Employer was on the horns of a dilemma at the time Employee filed his petition in bankruptcy. The Dale County Circuit Court and counsel for Credit Union acted with admirable dispatch in this case, causing the issuance of two orders from the state court. However, several issues were not resolved by the state court orders. First, the question of whether the funds had been attached by Credit Union's judgment lien, at the time the bankruptcy petition was filed, was not addressed. Second, Debtor did not claim his interest in the funds as exempt until September 19, 2019. (Case No. 19-10104, Doc. 40). Third, the question of whether Trustee's right to the funds superceded the interest of Debtor had not been decided. It appears that most of these issues were resolved by default. Neither Trustee nor Credit Union came forward and claimed the funds. Employee did nothing to bring this to a head, except for making repeated demands for the money, apparently devoid of any attempt to resolve what at first appeared to be a confusing state of affairs. There is no allegation that Employee's attorney ever contacted Employer, leaving it to a nonprofessional to simply issue demands. Further, it may have been that Employer was not

-9-

confused by the conflicting interests in the garnished funds and that it simply neglected to act sooner.

Employee argues that Employer's delay, constitutes an "act" within the meaning of §§ 362(a) and (k). The petition in bankruptcy was filed January 21, 2019. The wages were refunded on June 25, 2019 and Employee amended his claim of exemption on September 19, 2019, claiming for the first time that the subject wages were exempt. Employee's argument fails for two reasons. First, he does not identify an "act" which violated the automatic stay. A failure to act is not tantamount to an act, and none of the case law supports Employer's contention. Second, Employee's argument that Employer should have acted with greater haste, while Employee took an additional three months after the refund to claim the exemption, falls of its own weight.

The Court's holding here does not leave employees at the mercy of their employers. Employee here, like all employees, has a state law contract claim against his employer if it unilaterally decides not to pay him. However, § 362(k) does not somehow convert all of a debtor's state law claims and causes of action into federal claims for violation of the automatic stay, if its claim is not promptly paid.

### III. CONCLUSION

Employee's complaint fails to allege that Employer committed any "act" in violation of the automatic stay. While garnishing creditors are required to take necessary action to undo garnishment proceedings after a petition in bankruptcy is filed, this does not render any alleged

-10-

failure to act by Employer a violation of § 362(k). In this case, Employer acted more promptly

than Employee as Employee did not amend its claim of exemption until long after the funds had

been returned. Section 362(k) does not impose liability on Employer under these facts.

Accordingly, Employer's Motion to Dismiss is granted. The Court will enter an Order by way of

a separate document.

       Done this 24th day of October, 2019.

                                            William R. Sawyer
                                            United States Bankruptcy Judge

c:       Debtor/Plaintiff
         Anthony B. Bush, Attorney for Debtor/Plaintiff
         Eris B. Paul, Attorney for Bell Helicopter Textron, Inc.
         Bell Helicopter Textron, Inc.
         ADP, LLC